## LUCIAN B. MOORE *vs.* JAMES M. FARGO.

An attaching officer, by the plaintiff's direction, took an accountable receipt, by which the receiptor promised to return the attached property to the officer "or his order;" after judgment for the plaintiff the officer delivered the receipt to him unindorsed; the plaintiff gave the receipt and execution to another officer, who demanded the property of the receiptor. In an action brought in the name of the attaching officer against the receiptor for not returning the property, *held*, that the attaching plaintiff was the equitable owner of the receipt; that the officer to whom it was delivered had authority to demand the property; that the possession of the receipt and of the execution were sufficient evidence of that authority, the authority not having been questioned at the time of the demand; and that a demand for the property upon the attaching officer was not a prerequisite to the receiptor's liability.

In an action by an attaching officer, who had taken an accountable receipt for the redelivery of the attached property, against the receiptor for not redelivering it upon demand, a charge to the jury was *held* to be correct that "to constitute a demand, the officer making it must make a request of the person upon whom it is made in such a manner as that the person on whom it is made may reasonably be informed of the nature of the request and know what is required. It is proper he should state or show his authority; but if he makes it without showing or stating his authority thus to demand it, yet if his authority is not questioned at the time of demand, it may be considered as admitted or waived."

An attaching officer took an accountable receipt by which the receiptor promised to redeliver the attached property "at such time and place as he [the officer] shall appoint." *Held*, that a demand for the present delivery of the property, made at the receiptor's dwelling-house, was a sufficient appointment of the time and place, no objection to the reasonableness of the demand on that account being made at the time.

In an action by an attaching officer against a receiptor for the attached property, it appeared that the demand for its return was made upon the receiptor's wife. *Held*, that the trial having proceeded upon the supposition that a demand made upon her was sufficient, and the defendant in his request for instructions having assumed its sufficiency, it was not open to him in this court to object to the charge to the jury that that also assumed the sufficiency of the demand.

CONTRACT on the following receipt: " Whereas, Lucian B. Moore has this day at my request delivered to me the following

property: 4 red cows, 1 yearling, 1 gray horse, 1 bay horse, 1 two-year old colt, 1 set harness, and 10 tons of hay, all of the value of $700, attached by him as the property of Lucy M. Hubbard, on a writ in favor of W. C. Langdon, returnable to the Superior Court fourth Monday of February 1868 : In consideration thereof I promise safely to keep the aforesaid property until the said Moore or his order shall call for the same ; then to deliver it to him or his order at such time and place as he shall appoint, in like good order as the same now is: and I do further promise that I will save and keep harmless said Moore from all cost, trouble and expense that shall or may arise to him through any default in consequence of his intrusting said property in my hands.                         James M. Fargo."

At the trial in the Superior Court, before *Dewey*, J., there was evidence that the plaintiff returned an attachment of the property ; that the defendant signed the receipt and took a mortgage of the property to indemnify him; and that the property remained in Lucy A. Hubbard's possession.

It was admitted that the plaintiff was a deputy sheriff when the receipt was made, and for more than thirty days after judgment given in the suit in which the property was attached ; that the judgment was recovered July 9, 1870 ; that the execution issued July 25, 1870 ; and that the execution and the receipt were delivered by W. C. Langdon, the plaintiff in the suit, August 8, 1870, to M. H. Langdon, a deputy sheriff, with instructions to demand of the defendant the property specified in it.

The plaintiff testified that when he made the attachment he took the receipt by direction of W. C. Langdon, the plaintiff in that suit; that he kept it until August 7, 1870, when W. C. Langdon sent for it, and he sent the receipt to him; that the property was never demanded of him, (the present plaintiff,) and that the receipt had never been indorsed by him.

M. H. Langdon testified that he was a deputy sheriff ; that he called at the defendant's house on August 8 twice within about an hour ; that he inquired for the defendant ; that he did not find him ; that he was told by the defendant's wife that he probably would be there soon ; that he told the defendant's wife he had

the receipt and the execution, and that he was there to demand the property ; that he did demand it ; that he immediately went away ; that he had no authority except the execution and receipt ; and that he had made no other demand.

The defendant's wife testified that Langdon called and inquired for the defendant, and said he wished to see him to demand the property of Mrs. Hubbard which he had ; and there was other conflicting evidence of what Langdon said at the defendant's house.

There was other evidence that the defendant, when Langdon called, was engaged on his farm upon which his house was situated, but there was no evidence that Langdon knew it.

There was also evidence that the hay named in the receipt had been consumed by the stock, and the colt and one cow sold without the defendant's consent, and that the other property was where the defendant could have delivered it. .

The defendant contended that Langdon should have made the demand as agent of Moore, and should have stated by what authority he made it; and he requested the court to instruct the jury " that, if no demand was made on Moore by an officer having the execution, and no execution placed in his hands within thirty days after judgment in the action, and no demand made by Moore or by his order on the defendant for the property so attached, within thirty days after judgment, the action cannot be maintained ; and that if the officer who made the alleged demand at the defendant's house was acting under the direction of the judgment creditor, and not by the direction or order of Moore, or that if he failed to disclose to the defendant or to the defendant's wife, on whom demand is said to have been made, the authority by which he made the demand, or under whose direction he made it, or failed to appoint a time and place for the delivery of the property according to the terms of the receipt, or failed in any manner to make himself understood by the defendant or by his wife, the demand would be ineffectual, and an action cannot be maintained on the receipt."

The court refused so to instruct the jury, but instructed them as follows : " The plaintiff is entitled to maintain the action on

Moore *v.* Fargo.

proof of the delivery to him of this receipt by the defendant, and that the writ on which the attachment of property was made was duly entered, judgment therein rendered, and an execution thereon was issued, and within thirty days thereafter delivered to an officer qualified to serve it, who, having received the receipt for that purpose within thirty days from the day of judgment, made a demand upon the defendant for the property receipted for, and the defendant neglected to deliver it, and the execution has never been satisfied. If this is found, the plaintiff is entitled to a verdict for the amount of the execution and interest, the value of the property being admitted to be greater.

" To constitute a demand, the officer making it must make a request of the person upon whom it is made in such a manner as that the person on whom it is made may reasonably be informed of the nature of the request and know what is required. It is proper he should state or show his authority, but if he makes it without showing or stating his authority thus to demand it, yet if his authority is not questioned, at the time of the demand, it may be considered as admitted or waived ; that if the defendant was not at his dwelling-house, having no other usual place of business, when the officer called to make a demand, a demand made on the person in charge of the premises would be sufficient. And that if no demand was made, the plaintiff would be entitled to recover for such portion of the property as had been so disposed of that the receiptor could not deliver it to the officer, notwithstanding there was other property in the receipt sufficient to satisfy the judgment creditor's claims."

The jury returned a verdict for the plaintiff for the full amount of his execution and interest, and in answer to the inquiry of the court replied that they found a demand was made by the officer. The defendant excepted.

*J. Branning & A. J. Fargo*, for the defendant.

*M. Wilcox*, for the plaintiff.

COLT, J. The plaintiff, as attaching officer in a suit in which Langdon was plaintiff, took the defendant's accountable receipt for property attached, and relinquished possession of it by Langdon's direction. After judgment and execution the receipt was

delivered to Langdon, who gave it with the execution to another officer for service within the thirty days. Upon this state of facts the plaintiff was released from his personal liability for the attached property. The creditor had chosen to take the receipt as a substitute for the property, and was entitled as equitable assignee to the security which it afforded, with the right to pursue all legal remedies upon it in the plaintiff's name. A demand on the plaintiff for the property attached, made by Langdon, or by the officer having the execution for service, would have been of no avail, and was not necessary to fix the defendant's liability. Nor was it necessary that the execution should be placed in the plaintiff's hands for service, or that he should himself make demand on the defendant for the attached property. The receipt having been delivered to the officer having the execution, by one who had the entire equitable interest in it, there was implied authority given with it to make demand or do any other act necessary to hold the receiptor. The possession of the execution and the receipt must be deemed sufficient evidence of authority in a case where no question of authority was raised at the time; and the instructions upon these points were sufficiently favorable to the defendant. *Lawrence* v. *Rice,* 12 Met. 527. *Heard* v. *Lodge,* 20 Pick. 53, 60, 61. *Mason* v. *Briggs,* 16 Mass. 453.

The instructions given as to what was necessary to constitute a demand were correct. The jury must have found that the demand was made in such a manner as to be understood. If the authority to make it is not questioned at the time, it is sufficient that such authority in fact existed. *Phelps* v. *Gilchrist,* 28 N. H. 266. The demand, at the time and place when and where it was made, was a sufficient appointment of the time and place for the delivery of the property, within the meaning of the contract. If the reasonableness of the demand in this respect was not questioned at the time, and there was no offer then to comply at any other time or place, the objection cannot now be made. *Miles* v. *Boyden,* 3 Pick. 213. *Heard* v. *Lodge, supra. Jewett* v. *Dockray,* 34 Maine, 45. *Cross* v. *Brown,* 41 N. H. 283.

The point was made at the argument, that a demand made at the dwelling-house upon the defendant's wife, while the defendant

was at work on the farm upon which the house was situated, and temporarily absent from the house, was not a sufficient demand to charge the defendant with the value of the property named in the receipt. It was attempted to distinguish the case of *Mason v. Briggs, supra,* where it was held, in an action upon a receipt like the one in suit, that a demand made on the wife at the dwelling-house was sufficient when the husband then was and for some months had been out of the state. In the opinion of the court, it is not necessary to pass upon the question raised, because it is not fairly open to the defendant upon these exceptions. It appears to have been assumed on all sides at the trial that such a demand was sufficient if properly made. The defendant's requests for instructions were framed in accordance with this view of the law. He insisted " that if the officer who made the alleged demand at the defendant's house was acting under the direction of the judgment creditor and not by the direction of Moore, or that if he failed to disclose to the defendant or to the defendant's wife, on whom demand is said to have been made, the authority by which he made the demand, or under whose directions he made it, or failed to appoint a time and place for the delivery of the property according to the terms of the receipt, or failed in any manner to make himself understood by the defendant or by his wife, the demand would be ineffectual." Upon all these points, as we have seen, the instructions given were sufficient. The judge was not asked to rule that a demand upon the wife, under the circumstances disclosed, if sufficiently formal and intelligible, would not be a good demand. If the defendant desired at the trial to raise this question, he should have distinctly presented it then, so that the plaintiff might have opportunity by proof of the actual agency of the wife, or her actual custody of the property, or by other proper evidence, if possible, to fortify his position and sustain the validity of the demand. *Exceptions overruled.*