WILLIAM W. HUNT vs. JOHN C. HOLSTON.

Franklin.    September 15, 1903. — February 26, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Tax,* Arrest for non-payment.   *Words,* "Causing to be given."

A person arrested for non-payment of taxes has a right to require that the provisions of the statute shall have been followed strictly.

Under St. 1889, c. 334, §§ 1, 4, requiring that before a person could be arrested for non-payment of a tax a demand should be made upon him "by causing to be given", or sent postpaid through the mail, as provided by the act, a notice of the tax to the person assessed, the words "causing to be given" refer to a notice delivered to the taxpayer in person, and are not complied with by an actual notice received by mail but not addressed as required by the act in case of a notice by mail.   Otherwise under the present statutes.   R. L. c. 13, §§ 1, 3.

MORTON, J.   This is an action for assault and false imprisonment growing out of the arrest of the plaintiff for the non-payment of his taxes by the defendant as tax collector of the town of Wendell.   The question is whether the notice sent to the plaintiff constituted a proper demand.   The judge ruled that it did not and the defendant excepted.   There was a verdict for the plaintiff.   The defendant filed exceptions and also a motion to set aside the verdict and for a new trial which was allowed on the ground that the ruling in regard to the notice was erroneous.   Thereupon the judge reported the case to this court. If the ruling was right and the setting aside of the verdict was wrong judgment is to be entered on the verdict, if the ruling was wrong and the setting aside of the verdict was right, then judgment is to be entered for the defendant.

The plaintiff was an inhabitant of the town of Wendell on May 1, 1897, and was duly assessed for a poll tax and a tax on real and personal estate.   On September 5 of the same year he moved to Baldwinsville in the town of Templeton in Worcester County, leaving his taxes unpaid.   On March 28, 1898, the defendant sent to him by mail at Baldwinsville a notice, demanding payment of the taxes, which was duly received by the plaintiff. There was also testimony tending to show that the defendant had sent to the plaintiff a notice by mail directed to him in the

town of Wendell, but a question whether such notice was sent, was submitted to the jury, and they found that it was not.

The plaintiff contends that the notice was defective in form, and that it should have been served on him personally, or, if sent by mail, should have been directed to him in the town where he resided on the first day of May in the year in which the tax was assessed.

We assume, without deciding, that the notice was sufficient in form and substance, but we think that it was not served as required by the statute in force at the time when the demand was made.

The levying and collecting of taxes is a purely statutory matter, and persons arrested for the non-payment of taxes have a right to require that the provisions of the statute shall be strictly followed. The law requires as the foundation for an arrest for non-payment of taxes, or for the distraint of personal property, or the sale of real estate a demand for their payment. Formerly this demand had to be made on the taxpayer in person. St. 1785, c. 70, §§ 2, 5. The Revised Statutes added a provision that it could be made at the place of usual abode (Rev. Sts. c. 8, §§ 3, 11), and the General Statutes added the qualification "if to be found within their precincts." Gen. Sts. c. 12, § 3. The statute as it thus stood was re-enacted in Pub. Sts. c. 12, §§ 4, 14, and again in the codification of the statutes relating to the collection of taxes in St. 1888, c. 390, §§ 8, 18. Then came St. 1889, c. 334, §§ 1, 4, which provided that demand should be made by causing a statement of the amount of the tax with a demand for its payment to be given to the person assessed, or to be sent to him post-paid through the mail directed to the city or town where he resided on the first day of May in the year in which the tax was assessed. The question is what was meant by the words "by causing to be given . . . to the person assessed", it being plain that the notice that was sent by mail was not directed as required by the statute. The provision is used as the alternative of that relating to sending notices by mail, which would seem to exclude the sending of notices by mail except in the particular manner therein specified, and to require that the language should be construed as meaning the delivery of a notice to the taxpayer in person. It is possible, of course, to construe the alternative

intended by the statute as that between causing notice to be actually given to the taxpayer and that sent by mail; in other words, between actual notice and notice by mail which may be actual or not. The object of the Legislature was to secure notice to the taxpayer, and it was for the Legislature to say how notice should be given, and what should be regarded as sufficient notice. But for many years through successive re-enactments the notice required had been a personal notice or a notice left at the last and usual place of abode and it seems to us that the statute will have the meaning intended by the Legislature, if it is construed as authorizing in addition a notice by mail in the manner therein prescribed. As the statutes now are (R. L. c. 13, §§ 1, 3) the service would have been sufficient, but as we have already said the question is to be decided according to the statutes in force at the time when the demand was made.

Although the report speaks of setting aside the verdict, we infer that the *status quo* has been so far preserved that judgment can be entered on the verdict. If not judgment will have to be entered as by agreement of the parties for the amount of the verdict.

*Ordered accordingly.*

*D. Malone*, for the defendant.

*F. L. Greene*, (*W. A. Davenport* with him,) for the plaintiff.