AMASA CLARK *vs.* JOHN E. GRAY.

Piscataquis.   Opinion July 19, 1915.

*Arrest.   Delinquent Taxpayers.   Demand.   Municipal Officers.   Notice.*
*R. S., Chap. 10, Secs. 20-28.   R. S., Chap. 88, Secs. 67-73.   Tax*
*Collector.   Trespass.*

R. S., Chap. 10, Sec. 20, provides as follows:  "If a person so assessed, for twelve days after demand, refuses or neglects to pay his tax and to show the constable or collector sufficient goods and chattels to pay it, such officer may arrest and commit him to jail until he pays it or is discharged by law."

*Held:*

That a demand in person is contemplated by this section and that a notice in writing sent through the mail, stating the amount of the tax and demanding payment thereof, is insufficient.

On exceptions by plaintiff. Exceptions sustained. Judgment for plaintiff for $50.

This is an action of trespass against the defendant, a tax collector of Corinna, for arresting him for a poll tax assessed against him by the assessors of said Corinna for the year 1913. The defendant, more than twelve days prior to said arrest, sent to plaintiff by mail a tax bill, in which he stated that it was a legal demand for the tax.

At the hearing of the case before the presiding Justice, without a jury, the presiding Justice ruled that said demand was sufficient and gave judgment for the defendant. To this ruling the plaintiff excepted.

The case is stated in the opinion.

*C. W. Hayes,* for plaintiff.

*Hudson & Hudson,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, PHILBROOK, JJ.

CORNISH, J.   This is an action of trespass against a tax collector for an alleged illegal arrest. The defendant sent to the plaintiff by mail, postage paid, a written notice in the following form:

"Corinna, Maine, Oct. 13, 1913.

AMASA CLARK

Your County, town and State tax in said town for the year 1913 as committed to me to collect, and which you are requested to pay, is $3.

The delivery of this bill is considered a legal demand.

J. E. GRAY,
Collector."

On the margin of the notice were the dates on which the installments of tax on real and personal property if any would be due and, on the back, attention was called to the statute requiring municipal officers to publish in the town reports the names and amounts of delinquent taxpayers. It is admitted that the plaintiff received this notice more than twelve days prior to his arrest and the single question reserved to this court is whether this was a sufficient preliminary demand to justify the subsequent arrest under the statute which is as follows: "If a person so assessed, for twelve days after demand refuses or neglects to pay his tax and to show the constable· or collector sufficient goods and chattels to pay it, such officer may arrest and commit him to jail until he pays it or is discharged by law;" R. S., Chap. 10, Sec. 20. The plaintiff claims that this means a demand in person, while the defendant contends that it is merely such a notification as will give the taxpayer knowledge that a tax is assessed against him, the amount thereof and a request to pay.

It is the opinion of the court that a demand in person is contemplated. The word demand has a twofold meaning. It is often used in the sense of request. Thus a request either oral or by letter, for the payment of a bill is sufficient to fix the time from which interest shall accrue, *Chadbourne* v. *Hanscom*, 56 Maine, 554; and if money is payable on demand the commencement of a suit is sufficient, *Hunter* v. *Peaks*, 74 Maine, 363. It is in this sense that the word demand is placed upon the tax bill. It is merely a request to pay. The blank used is the ordinary form sent to every taxpayer in town, to the financially responsible as well as to the financially irresponsible, as the first step towards collection. It is neither sent by the collector as the statutory demand preliminary to arrest,

nor is it so considered by the recipient.   Otherwise, after the lapse
of twelve days every taxpayer would be liable to immediate arrest
unless he pay his tax or show the collector sufficient goods and chattels
to pay it.    Moreover the notice itself disproves such a claim.    Had
the plaintiff's tax been assessed upon real or  personal property, the
third installment would not have fallen due until November 1, 1913,
and the fourth on December 30, 1913, as the notice specifies, while
the twelve days from the date of the notice expired on October 25,
1913.    It can hardly be claimed that the taxpayer who has paid the
first two installments can be subject to arrest before the others are
due.

The word demand in its second sense denotes a request in person
and implies personal presence.   When used in connection with or as
a part of an official act it is as a general rule employed with this
meaning.    In other words when an officer is required to demand any-
thing by virtue of a warrant or execution, in the absence of words
prescribing a different method, the demand must usually be made in
person.    Such is the character of the demand made by an attaching
officer upon a receiptor, so far as the cases show, *Hapgood* v. *Hill*,
20 Maine, 372; *Gilmore* v. *McNeil*, 45 Maine, 599; *Same* v. *Same*,
46 Maine, 532; *Bicknell* v. *Lewis*, 49 Maine, 91; *Bangs* v. *Beacham*,
68 Maine, 425; *Foss* v. *Norris*, 70 Maine, 117; *Moore* v. *Fargo*, 112
Mass., 254, and in *Phillips* v. *Gilchrist*, 28 N. H., 266, and *Sanborn*
v. *Buswell*, 51 N. H., 573, a personal demand was deemed indispens-
able.    And the same holds true in case of a demand by an officer,
holding an execution, upon a person adjudged a trustee, preliminary
to bringing a writ of scire facias, R. S., Chap. 88, Sec. 67; and of
the dissolution of the attachment by trustee process unless the goods,
effects or credits are demanded by virtue of the execution within
thirty days after final judgment.   R. S., Chap. 88, Sec. 73.    A
personal demand is here implied:    *Franklin Bank* v. *Bachelder*, 23
Maine, 60; *Bachelder* v. *Merriam*, 34 Maine, 69; *Cheney* v. *Whitely*,
9 Cush., 289; *Thompson* v. *King*, 173 Mass., 439.

If it is the intention that an official demand shall be made in any
other manner or by any other method than in person then that man-
ner or that method is definitely specified.    To illustrate again by
the statute relating to trustee attachments.    If the officer holding
the execution cannot find the trustee in the State, it is expressly
provided that a copy may be left at his dwelling house or last and

usual place of abode, either within or without the State with notice to the trustee endorsed thereon, "And such notice in either case is a sufficient demand." R. S., Chap. 88, Sec. 74.

Other illustrations of the same rule may be found in the tax statute itself. As preliminary to enforcing a lien upon real estate the collector is specifically directed to give to the taxpayer or leave at this last and usual place of abode a statement in writing, demanding payment within ten days after the service of such notice, R. S., Chap. 10, Sec. 28; and when a collector issues his warrant to a sheriff, deputy sheriff or constable directing him to distrain the person or property of delinquent taxpayers, before such officer shall serve any such warrant he shall deliver to the delinquent, or leave at his last and usual place of abode, a summons from the collector stating the amount of tax due and that it must be paid within ten days from the time of leaving such summons, Chap. 10, Secs. 67-69; and ten days written notice is required for owners of real estate advertised for sale. Sec. 75.

These illustrations mark the distinction between an official demand and a notice and emphasize the fact that when the legislature intends that such a demand shall be made by any other method than in person it specifies the method. No substitute is provided for the personal demand required in Sec. 20, and it is evident that such a personal demand remains necessary. This view is confirmed by Sec. 21 which provides that if the assessors think there are just grounds to fear that the taxpayer may abscond before the end of said twelve days, the collector may demand immediate payment and on refusal may arrest and commit; and by Sec. 26 which authorizes a collector to demand of a taxpayer who has removed from town, his tax in any part of the State and on refusal to commit him to jail in the county where he is found. Immediate demand and refusal imply personal presence and in all these Secs., 20, 21 and 26, the word is used in the selfsame sense.

In *Miller* v. *Davis*, 88 Maine, 454, an action for false arrest, the demand was evidently made in person and the only question at issue was the adequacy of the language employed. The court held that the presence of the collector in his official capacity, armed with his warrant and coupled with a request for payment in whatever language conveyed constituted a sufficient demand.

R. S., Chap. 10, Sec. 27, in its original form authorized a collector to bring suit in his own name for a tax "After due notice." These

words are less forceful than demand and might well give rise to doubt as to their scope and meaning. But it has been held that even this provision requires a demand so formal and explicit that the taxpayer may know that a suit might follow his noncompliance, and a written request mailed to the taxpayer is insufficient. *Parks* v. *Cressey,* 77 Maine, 54. The revision of 1903 has substituted the words "after demand for payment" for "after due notice," in line with this decision and apparently in order to remove any possible doubt. The rule in *Parks* v. *Cressey* applies with far greater force to the case at bar where the remedy sought is not the mere bringing of a civil action but arrest and imprisonment, the most drastic weapon placed in the hands of a collector.

In this connection a study of the Massachusetts statutes is of value because our original statute of 1821, Chap. 116, Sec. 26, is an exact transcription of Mass. Stat., 1785, Chap. 70, Sec. 2. The statute in Massachusetts has been changed, in Maine it has not. "Demand" as used in the original Massachusetts statute has been construed to mean personal demand. "The levying and collecting of taxes is a purely statutory matter and persons arrested for the non-payment of taxes have a right to require that the provisions of the statute shall be strictly followed. The law requires as the foundation for an arrest for non-payment of taxes or for the distraint of personal property or for the sale of real estate a demand for their payment. Formerly this demand had to be made upon the taxpayer in person. Stat. 1785, Chap. 70, Sec. 2-5." *Hunt* v. *Holston,* 185 Mass., 137. This case is direct authority for a similar construction of the same words in our own statute.

Another fact is most significant. Since 1877 the collector has been required to send by mail a tax bill or notice to all taxpayers resident and non-resident as soon as possible after receiving the tax list or warrant. Mass. Stat., 1877, Chap. 235; Stat. 1889, Chap. 334; Rev. Laws, Chap. 13, Sec. 3. The form of demand preliminary to arrest has also been changed so that now a written notice containing a statement of the amount of the tax with a request for its payment may be served upon or sent by mail to the delinquent. Mass. Stat., 1889, Chap. 334; Rev. Laws, Chap. 13, Secs. 14 and 15; *Hunt* v. *Holston,* supra. But these two notices are entirely distinct. The first is sent to all taxpayers to notify them of the amount of their

tax.   They are not at the time delinquents.   The second is sent to delinquents as a foundation for specific action, and the first is not regarded as a substitute for the second.

In this State, general tax bills, like the one in this case, are sent out not by requirement of statute but by common practice and obviously one mailed under such a practice here can no more constitute a compliance with the statutory official demand required as the foundation for arrest, than can such a notice sent by direction of statute in Massachusetts supply the place of a preliminary written demand there.

Our conclusion therefore is that upon both reason and authority the written notice in this case was an inadequate demand, and the arrest was illegal.   Under the stipulation of the parties the case need not be remanded for trial but the entry may be,

*Exceptions sustained.*
*Judgment for plaintiff for $50.*