José Díaz Miró, Plaintiff and Appellee, *v.* Francisco García, Defendant and Appellant.

No. 6468. Argued June 14, 1934.—Decided September 29, 1934.

*J. Pedro Miranda* for appellant. *E. Campos del Toro* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Francisco García, defendant in an action for damages, appeals from an adverse judgment. He says that the District Court erred in not sustaining a demurrer for want of facts sufficient to constitute a cause of action. Plaintiff, Díaz Miró, alleged: that he had brought an action, number 11,342 in the District Court of San Juan, against José Reyes García for $652.55, interest and costs; that the marshal attached certain personal property valued at $233.87, in the possession of Francisco García, defendant herein, at his place of business in Santurce, January 20, 1930, and deposited it with him; that Francisco García signed a receipt whereby he assumed the responsibility of a depositary with all the obligations incident to that relationship under the law; that plaintiff herein, after judgment in his favor and against Reyes García in the District Court of San Juan, obtained a writ of execution and the marshal prepared to sell the attached property at ten o'clock in the morning of February 24, 1930, at the place of

business of the said Francisco García; that the procceds of the sale by order of the District Court were to be deposited in the office of the secretary pending the determination of a certain question as to the dissolution of another attach-ment later referred to in the complaint; that Francisco García was notified four or five days before the proposed sale advertised for February 24; that on the day and at the hour fixed for the sale, the marshal went to the place of business of Francisco García to sell the attached property, which he could not do because it was not in the possession of the depositary, who had disposed of the same by delivering it to a third person without authority from the District Court or from the plaintiff and without any previous legal pro-ceeding; that the said depositary at that time refused to inform the marshal as to the whereabouts of the attached property or as to the identity of the person to whom he had delivered the same; that in another action brought by Francisco García against Reyes García in the Municipal Court of San Juan, Second Section, the marshal of the Municipal Court of Río Piedras, under a writ issued by the Municipal Court of San Juan, had attached the same property valued at $233.84 at Reyes García's place of busines in Río Piedras, and had deposited the same with Guillermo Pérez, who in turn had placed it in the possession of Genaro Irizarry at No. 32 Capetillo Street, Río Piedras; that the said Guillermo Pérez, without previous order from the Municipal Court of San Juan, without notice to the defendant in the action pending before that court and without taking the steps required by law, permitted the removal of the said property to the Municipal Judicial District of San Juan, where it was attached by plaintiff herein at the place of business of Fran-cisco García in Santurce; that plaintiff herein moved in the Municipal Court of San Juan to dissolve the attachment levied by García and that this question was pending in the District Court of San Juan, February 24, 1930, the day set by the marshal of the District Court of San Juan for the sale of

the attached property; that the said Francisco García, convinced that his lien had been lost, acting in bad faith and because of his interest in the attached property, attempted to prevent, and did prevent, the sale thereof by the marshal of the District Court of San Juan, and in so doing violated his duties as depositary and prevented plaintiff from recovering the sum of $233.87, value of the attached property; and that defendant has caused plaintiff to suffer the damages specified in the complaint.

 The argument is that plaintiff was not the owner of the attached property and that defendant's contract of deposit was with the marshal, not with plaintiff. It was not necessary that plaintiff should be the owner of the attached property in order to bring an action for the loss of benefits which he would have received as a result of his lien, but for the act of the defendant. If the demurrer had been brought to the attention of the District Judge and disposed of by him before the close of the trial, there would be more merit in the suggestion that defendant's agreement was with the marshal, not with plaintiff. No authority is cited, however, in support of the argument that for this reason the complaint did not state a cause of action and we shall not at this time attempt a review of the decided cases. Ordinarily, it seems, in other jurisdictions, an action on the receipt should be brought by the marshal for the benefit of the attaching creditor (see 6 C. J. 322, Sec. 645), but *Clark* v. *Clough,* 3 Me. 357, is cited in note 74, at page 317 of the same volume, in support of the statement that "if the officer places such receipt in the hands of the creditor's attorney to be prosecuted for his benefit, it is an equitable assignment of the contract for which his liability to the creditor forms a sufficient consideration." See also *Moore* v. *Fargo,* 112 Mass. 254; Section 1209 of the Civil Code (Edition of 1930), and Section 51 of the Code of Civil Procedure (Comp. Statutes of 1911, Sec. 5035). Without foreclosure of further discus-

sion in future cases, we are not prepared to say that the creditor himself may not bring an action for damages arising out of the conversion or unauthorized disposition of the attached property by a receiptor. In the instant case, however, defendant was not a mere receiptor. The answer was a general denial followed by demurrer for want of facts sufficient to constitute a cause of action. When plaintiff rested, defendant moved for a nonsuit, mentioned the fact that he had demurred to the complaint in his answer and said that the sufficiency of the complaint would be discussed in a memorandum to be filed later. If the court had sustained the demurrer at or after the close of the trial, plaintiff would have been permitted to amend his complaint or it would have been deemed to have been amended in accordance with the evidence, and may be deemed on appeal to have been so amended.

The evidence introduced, without objection on the part of defendant, showed that the marshal, at the time of making the levy, was accompanied by the plaintiff, who pointed out the property to be attached and proposed or agreed to the naming of defendant as depositary. The receipt signed by Francisco García states that the attached property was received by him as a judicial depositary named by the marshal and as such depositary he agreed to keep the attached property until further order of the court. This receipt was attached by the marshal to his writ, made a part thereof and filed together therewith as a part of the record. Thus it sufficiently appears, we think, that the levy and deposit were made in substantial compliance with Section 10 of the Law to Secure the Effectiveness of Judgments (Comp. Statutes of 1911, Sec. 5242) and appellant does not question the responsibility of a custodian so named for the safe-keeping and delivery of the attached property on demand of the marshal for the purpose of selling the same under a writ of execution issued after judgment for plaintiff. In the

circumstances, we can not concur in the view that the District Court erred in not sustaining a demurrer submitted after a trial of the case on its merits.

■ The second assignment is that the judgment is contrary to law. Here appellant relies on Section 1658 of the Civil Code (Edition of 1930) which provides that "A depositum is constituted from the time a person receives a thing belonging to another with the obligation of keeping and returning it." The argument is that a presumption of ownership arises out of the possession of personal property and that the facts stated in the complaint do not show a deposit. It would suffice to say that the assignment itself is too general or that the question herein sought to be raised does not demand serious consideration. The complaint as a whole, however, sufficiently negatives any presumption of ownership in García, and the evidence in support of and supplementing the averments as to levy, deposit and signature of a receipt by the depositary was sufficient to show a judicial deposit.

■ The third assignment is that the District Court erred in determining the amount of damages. One of the items alleged in the complaint, established by the evidence and allowed by the court was $100 disbursed by plaintiff as attorney's fees and expenses in his efforts as intervenor in the Municipal Court and on appeal to the District Court in the action brought by Francisco García against Reyes García. The premise is that no attorney's fees were awarded as costs in that action and that none could have been awarded under our statute governing the matter of costs, because the amount involved was less than $500. The conclusion is that a party who has obtained no award of costs, including attorney's fees, and who has presented no memorandum of costs in one action can not recover attorney's fees in an independent action. The answer to this argument is that plaintiff herein was not seeking to recover attorney's fees as a part of the costs which might or might not have been awarded as such in the other action, but as damages caused by the act of

defendant in concealing or disposing of property attached by plaintiff herein in his action against Reyes García and placed by the marshal in the custody of defendant as depositary.

The judgment appealed from must be affirmed.