José Díaz Miró, demandante y apelado, *v.* Francisco García, demandado y apelante.

No. 6468.—*Sometido:* Junio 14, 1934. *Resuelto:* Septiembre 29, 1934.

*J. Pedro Miranda,* abogado del apelante; *E. Campos del Toro,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Francisco García, demandado en una acción de daños y perjuicios, apela de una sentencia adversa. Sostiene que la corte de distrito cometió error al no declarar con lugar una excepción previa por falta de hechos suficientes para determinar una causa de acción. El demandante Díaz Miró alegó:

que había iniciado demanda bajo el No. 11342 en la Corte de Distrito de San Juan contra José Reyes García por la suma de $652.55, intereses y costas; que el márshal embargó ciertos bienes muebles valorados en $233.87, en poder de Francisco García, el aquí demandado, en su establecimiento en Santurce, el 20 de enero de 1930, y le nombró depositario; que Francisco García firmó un recibo en que asumía la responsabilidad de un depositario con todas las obligaciones inherentes al mismo de acuerdo con la ley; que el aquí demandante, después de dictarse sentencia a su favor y contra Reyes García en la Corte de Distrito de San Juan, obtuvo mandamiento de ejecución y el márshal se preparaba para efectuar la subasta de los bienes embargados a las diez de la mañana del 20 de febrero de 1930, en el establecimiento del referido Francisco García; que el producto de la venta por orden de la corte de distrito debía ser depositado en la oficina del secretario mientras estuviese pendiente de resolución cierta cuestión relacionada con la disolución de otro embargo a que más adelante se hacía referencia en la demanda; que Francisco García fué notificado cuatro o cinco días antes de la supuesta subasta anunciada para el día 24 de febrero; que en el día y a la hora señalados para la subasta, el márshal fué al establecimiento de Francisco García a vender los bienes embargados, cosa que no pudo hacer porque éstos no estaban en poder del depositario, quien había dispuesto de los mismos entregándolos a un tercero, sin autorización de la corte de distrito o del demandante, ni procedimientos legales al efecto; que dicho depositario en aquel entonces se negó a dar informes al márshal respecto al lugar en que se encontraban los bienes embargados o sobre la identidad de la persona a quien los había entregado; que en otro pleito iniciado por Francisco García contra Reyes García ante la Corte Municipal de San Juan, Sección Segunda, el márshal de la Corte Municipal de Río Piedras, de conformidad con un mandamiento librado por la Corte Municipal

de San Juan, había embargado la misma propiedad valorada en la suma de $233.84 en el establecimiento de Reyes García en Río Piedras, y la había dejado en poder de Guillermo Pérez, quien a su vez la había entregado a Genaro Irizarry, en la calle Capetillo No. 32, de Río Piedras; que el referido Guillermo Pérez, sin orden al efecto de la Corte Municipal de San Juan, sin notificar al demandado en la acción pendiente ante esta última corte, y sin dar los pasos requeridos por la ley, permitió que dichos bienes fuesen trasladados al distrito judicial municipal de San Juan, donde fueron embargados por el aquí demandante en el establecimiento de Francisco García en Santurce; que el demandante en este caso presentó moción ante la Corte Municipal de San Juan solicitando se declarara nulo e ineficaz el embargo trabado por Francisco García y que esta cuestión se hallaba pendiente ante la Corte de Distrito de San Juan en febrero 24, 1930, día fijado por el márshal de la Corte de Distrito de San Juan para la celebración de la subasta de los bienes embargados; que el aludido Francisco García, convencido de que su embargo había quedado disuelto, actuando de mala fe y por el interés que tenía en los bienes embargados, trató de impedir e impidió que el márshal de la Corte de Distrito de San Juan vendiera los mismos en pública subasta, y que al así actuar violó las obligaciones que había contraído como depositario e impidió al demandante recobrar la suma de $233.87, valor de los bienes embargados; y que el demandado ha ocasionado al demandante los daños y perjuicios especificados en la demanda.

■■■ Se arguye que el demandante no era dueño de los bienes embargados y que el contrato de depósito del demandado fué celebrado con el márshal y no con el demandante. No era necesario que el demandante fuera dueño de la propiedad embargada a fin de que pudiera iniciar una acción para recobrar la pérdida de los beneficios que hubiera recibido como resultado de su embargo, a no ser por el proceder

del demandado. Habría más mérito en la sugestión de que el contrato celebrado por el demandado lo fué con el márshal y no con el demandante si se hubiese llamado la atención del juez de distrito hacia la excepción previa y éste la hubiese resuelto antes de terminar el juicio. Sin embargo, no se cita autoridad alguna en apoyo del argumento de que por esta razón la demanda no aducía una causa de acción y por ahora no trataremos de revisar los casos ya resueltos. Parece que de ordinario en otras jurisdicciones una acción basada en un recibo debe ser iniciada por el márshal en beneficio del acreedor que efectuó el embargo (véase 6 C. J. 322, sección 645), mas el caso de *Clark* v. *Clough,* 3 Me. 357, es citado en la nota 74, a la página 317 del mismo tomo, en apoyo de la aseveración de que "si el funcionario entrega el recibo al letrado del acreedor a fin de que éste prosiga el juicio en su beneficio, ello equivale a una cesión en equidad del contrato para la cual su responsabilidad hacia el acreedor constituye suficiente causa (*consideration*)." Véase también el caso de *Moore* v. *Fargo,* 112 Mass. 254; artículo 1209 del Código Civil, edición 1930, y artículo 51 del Código de Enjuiciamiento Civil (Estatutos de 1911, sección 5035). Sin perjuicio de que discutamos la cuestión más ampliamente en casos futuros, no estamos preparados para decir que el acreedor mismo no pueda iniciar una acción por los daños provenientes de la conversión o disposición no autorizada de los bienes embargados por parte de un depositario. Sin embargo, en el presente caso el demandado no era un mero depositario. La contestación presentada fué una negación general seguida por una excepción basada en falta de hechos suficientes para determinar una causa de acción. Cuando el demandante terminó su caso, el demandado presentó una moción de *nonsuit,* mencionó el hecho de que en su contestación había excepcionado la demanda, y dijo que la suficiencia de ésta sería discutida en un memorándum que radicaría más tarde. Si la corte hubiese declarado con lugar la excepción

al terminar el juicio o algún tiempo después, se hubiera permitido al demandante enmendar su demanda o se habría considerado enmendada de conformidad con la prueba, y puede tenerse como enmendada en apelación.

La evidencia aportada sin objeción por parte del demandado, demostró que el márshal, en el momento de practicar el embargo, estaba acompañado del demandante, quien indicó los bienes que se debían embargar y propuso o convino en que se nombrara al demandado como depositario. El recibo suscrito por Francisco García dice que los bienes embargados fueron recibidos por él en calidad de depositario judicial designado por el márshal y que como tal depositario convenía en tener bajo su custodía los bienes embargados "hasta que la corte resuelva en el presente caso." Este recibo fué unido por el márshal al diligenciamiento hecho por él, formaba parte del mismo y fué archivado con éste como parte del récord. De suerte que, a nuestro juicio, aparece suficientemente que el embargo y el depósito fueron hechos cumpliendo sustancialmente con la sección 10 de la ley para asegurar la efectividad de sentencias (Estatutos de 1911, sección 5242) y el apelante no pone en tela de juicio la responsabilidad de un depositario así designado para la custodia y entrega de los bienes embargados al serles éstos exigidos por el márshal con el fin de venderlos bajo un mandamiento de ejecución expedido después de dictarse sentencia en favor del demandante. Bajo las circunstancias no podemos estar de acuerdo con el criterio de que la corte de distrito cometió error al no sostener la excepción previa sometida luego de celebrado el juicio del caso en sus méritos.

El segundo señalamiento es que la sentencia es contraria a derecho. El apelante se basa en el artículo 1658 del Código Civil, edición de 1930, que provee que "se constituye el depósito desde que uno recibe la cosa ajena con la obligación de guardarla y de restituirla." Se arguye que surge una presunción de propiedad al poseerse bienes muebles y que los hechos aducidos en la demanda no demuestran

la existencia de un depósito. Bastará decir que el señalamiento en sí es demasiado general o que la cuestión que aquí se trata de plantear no requiere seria consideración. Empero, la demanda en su totalidad niega suficientemente cualquier presunción de propiedad por parte de Francisco García y la prueba ofrecida en apoyo y para suplementar las alegaciones relativas al embargo, depósito y firma de un recibo por el depositario, fué suficiente para demostrar la existencia de un depósito judicial.

El tercer señalamiento es que la corte de distrito cometió error al justipreciar la cuantía de los daños y perjuicios. Una de las partidas alegadas en la demanda, establecida por la prueba y concedida por la corte, fué la suma de $100 pagados por el demandante como honorarios de abogado y gastos incurridos en sus gestiones como interventor ante la corte municipal y en apelación para ante la corte de distrito en el pleito iniciado por Francisco García contra Reyes García. Se sostiene que no se concedieron honorarios de abogado como costas en dicho pleito y que los mismos no pudieron ser concedidos de acuerdo con el estatuto que rige la materia de costas, toda vez que la suma en controversia era menor de $500. La conclusión es que una parte a quien no se le han concedido las costas, incluyendo honorarios de abogado y que no ha presentado memorándum de costas en un pleito, no puede recobrar honorarios de abogado en una acción independiente. La respuesta a esta argumentación es que el aquí demandante no trataba de obtener honorarios de abogado como parte de las costas que pudieron concederse o no como tales en otro pleito, sino como daños y perjuicios causados por el proceder del demandado al ocultar o disponer de bienes embargados por el aquí demandante en el pleito iniciado por él contra Reyes García y puestos por el márshal bajo la custodia del demandado como depositario.

*Debe confirmarse la sentencia apelada.*