## CLAUSELLS *v.* SCHUCK.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 647.—Resuelto en enero 29, 1912.

EXCEPCIONES PREVIAS—FALTA DE CONSTANCIA EN AUTOS DE LA RESOLUCIÓN RECAÍDA—PRESUNCIÓN.—Cuando en un caso se hubieren presentado excepciones previas a la demanda, y a la vez una contestación, planteando cuestiones de hecho y de derecho, las cuestiones de derecho deben ser resueltas primeramente, y cuando de los autos no consta la resolución recaída a las excepciones previas y aparece que se ha dictado sentencia sobre las cuestiones de hecho, la presunción es que las excepciones previas fueron desestimadas.

AGUAS—ACCIÓN DECLARATORIA DE PROPIEDAD—DEMANDA AMBIGUA Y DUDOSA—FALTA DE HECHOS SUFICIENTES PARA CONSTITUIR UNA CAUSA DE ACCIÓN.—Examinada la demanda en el caso de autos, en virtud de la cual se ejercita la acción declaratoria de propiedad de aguas para regadío, el Tribunal Su-

premo en apelación resolvió que las excepciones interpuestas contra la demanda por el demandado de falta de causa de acción y ambigüedad e incertidumbre en la demanda, debieron ser declaradas con lugar, por ser demasiado confusas y dudosas las alegaciones hechas en la demanda relativas al título de concesión y prescripción reconocida administrativamente, en que el demandante descansa su derecho.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Felipe Casalduc.*

Abogado del apelado: *Sr. José Tous Soto.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Esta es una acción declaratoria de propiedad de aguas de regadío. El demandante alega ser el dueño y estar en posesión de unas doce cuerdas y media de terreno, y que esa extensión de terreno tiene derecho al uso para el riego de cuatro litros y dos centílitros (4.02) de agua por segundo, y que el demandado detenta el derecho de regadío del demandante. El demandado niega esas alegaciones. Vista la causa, la corte declaró con lugar la demanda y dictó sentencia a favor del demandante, declarando que el terreno en cuestión tenía derecho por prescripción al riego, y que este derecho había sido reconocido administrativamente, y que tenía derecho a utilizar tres litros treinta y un centílitros (3.31) de agua por segundo, del río "Cerrillos" o "Bucaná" de un volumen de agua de treinta y seis litros cincuenta y un centílitros (36.51) de agua por segundo, derivándose dicha agua por un canal que pertenece en común a las haciendas "Marcelina," "Rescate" y "Mallorquina," y condenando al demandado en costas. También se desestimó la reconvención. Esta sentencia fué dictada por la Corte de Distrito de Ponce en 29 de abril de 1910. Oportunamente se entabló recurso de apelación contra la misma el 10 del siguiente mes. El 27 de julio, 1910, se dictó una orden fijando las costas contra el demandado, inclusos $200 como honorarios de abogado. Tres días más tarde se apeló contra esta orden. La transcripción de los autos se presentó en este tribunal el 15 de diciembre de 1910; y posteriormente se presentaron alegatos por ambas

partes, teniendo lugar la vista del caso con argumentación
oral del apelante y sin que el apelado argumentara oralmente,
y el caso está pendiente de nuestra consideración en vista de
los autos incluyendo los alegatos.

Aunque no se ha presentado un pliego formal de errores,
de acuerdo con las reglas, en la discusión se suscitan cuatro
cuestiones por el apelante, a las cuales podemos dirigir nues-
tra atención, cambiando ligeramente el orden en que han sido
sometidas.   Estas cuestiones son las siguientes:

1. Excepciones previas a la demanda.
2. Contestación a la demanda.
3. Reconvención del demandado.
4. Prescripción.

De los autos consta que se presentó una excepción a la
demanda, por el fundamento de que las alegaciones de la
misma no expresaban hechos suficientes para constituir una
causa de acción; pero de los autos no consta qué resolución
se tomó respecto a la excepción previa.   En el presente caso
debe presumirse que dicha excepción previa fué resuelta y
desestimada.   En el caso de *López* v. *American Railroad Co.
of P. R.,* se resolvió ser regla general que cuando en un caso
se hubieren presentado excepciones previas a la demanda, y
a la vez una contestación, planteándose cuestiones de dere-
cho y de hecho, las cuestiones de derecho deben ser resuel-
tas primeramente; y en los casos en que ambas cuestiones,
de derecho y de hecho, se hubieren planteado, y se hubiera
celebrado el juicio del caso juzgándose las cuestiones de
hecho y dictándose sentencia en el caso, se presumirá en la
apelación que las cuestiones de derecho fueron previamente
resueltas por una orden desestimando las excepciones.   (11
P. R. R., 157.)

A. El apelante alega en apoyo de su excepción previa
que:

(*a*) No hay causa de acción, pues en el hecho primero
de la demanda se afirma que la hacienda "Marcelina" tiene
a su favor, por concesión desde el año 1846 y por prescrip-

ción desde el año 1848, el derecho de regar 44 hectáreas 23
áreas o sean 112.42 cuerdas, y en el hecho cuarto se dice que
la porción de 12.42 la compró Francisco Romero a Josefa
Ortiz en 14 de agosto de 1848 y la agregó a la hacienda ''Mar-
celina.'' Se alega, pues, que es concluyente que la concesión
de aguas de riego y el derecho adquirido por prescripción
se contraen ambos, única y exclusivamente a la hacienda
''Marcelina'' en sí y nó a los terrenos que se le incorporaron
después, como fueron esas 12.42 cuerdas que dice el deman-
dante haber adquirido como porción de terreno con derecho
a riego. El apelante, prosigue diciendo, que en 31 de diciem-
bre, 1848, sólo hacían cuatro meses y diez y seis días que
Romero había entrado en posesión de ese terreno y él no pudo
adquirir el derecho a riego por prescripción, pues este dere-
cho nace del uso del agua por un período de veinte años no
interrumpido, y no del mero uso de la misma durante cuatro
meses y días.

Tampoco puede alegarse, continúa diciendo la excepción
previa, que ese número de cuerdas gozaba del riego por ex-
tensión de los derechos de que gozaba la auténtica hacienda
''Marcelina,'' pues las concesiones y derechos adquiridos por
prescripción son para las tierras y nó para los dueños de
ellas, los cuales no pueden pasarlos de un terreno a otro, ni
aprovecharse los dueños de los beneficios que la ley ha con-
cedido a los terrenos.

La argumentación precedente es bien clara y puede resu-
mirse en la forma siguiente: Si en 14 de agosto de 1848, Ro-
mero incorporó a la hacienda ''Marcelina'' la porción de
12.42 cuerdas y dicha hacienda tenía entonces una concesión
para riego desde el año 1846, se sigue en consecuencia que las
12.42 cuerdas no tenían participación en el riego concedido por
la ley. Si la hacienda ''Marcelina'' también tenía derecho
a riego por prescripción reconocida administrativamente en
1848 y la prescripción necesita veinte años para reconocerse
por el Gobierno, como esas 12.42 cuerdas se incorporaron a

la hacienda "Marcelina" en 14 de agosto de 1848, no adquirieron derecho a riego por prescripción.

(b) El demandado además alega en la excepción que la demanda es ambigua, ininteligible y dudosa; sosteniendo que si Guillermo Schuck compró la hacienda "Marcelina," como dice el demandante en el hecho segundo de su demanda, siendo así y puesto que la persona que adquiere el todo adquiere cada una de sus partes, no podía quedar una de sus partes para que la comprara Carlos Clausells, que es lo que sucedió, según su afirmación, por lo que se contradijo a sí mismo; y, si Schuck no adquirió toda la hacienda "Marcelina," era, por consiguiente, obligación del demandante alegarlo así en su demanda, y no manifestar en ella lo contrario, trayendo de ese modo gran confusión en su alegato que lo hace ambiguo y dudoso.

Si el derecho a riego de esas 12.42 cuerdas se adquirió por concesión o por prescripción, ¿por qué, pregunta el demandado, no se dice claramente en la demanda y nó en la forma ambigua en que consta en su hecho primero, al mencionar el riego de la totalidad de la hacienda "Marcelina," omitiéndose detallarlo al nombrar el riego de la porción dicha de 12.42 cuerdas? El derecho a riego de esta porción, ¿es por concesión o por prescripción, y desde qué fecha?

Examinando la demanda encontramos que estas excepciones están bien fundadas y que es ambigua y dudosa y que no expresa hechos suficientes para determinar una causa de acción. (Código de Enjuiciamiento Civil, art., 105, apartados 6 y 7.) El estatuto exige que la demanda contenga una relación de los hechos que determinan la causa de acción en lenguaje usual y conciso. (Art. 103, apartado 2, del mismo Código.)

La parte esencial de la demanda dice así:

"1º. Que la hacienda "Marcelina," sita en el término municipal de Ponce, barrio de "Machuelo Arriba," propiedad actualmente de Don Guillermo Schuck, tiene a su favor desde el año 1846, cuando era

propiedad de Don Francisco Romero, por concesión y por prescripción, reconocida administrativamente, desde 1848, el derecho de regar con las aguas del río "Cerrillos" o "Bucaná," una extensión de 44 hectáreas, 23 áreas, o sean 112.42 cuerdas, parte integrante de dicha hacienda, compuesta en 1870 de 127 hectáreas, 43 áreas y 21 centiáreas, derivando al efecto 36 litros 51 centílitros (36.51) por segundo, de dicho río, por un canal, toma y represa que pertenece en comunidad a las haciendas "Rescate," "Marcelina" y "Mallorquina," según consta del cuadro de distribución de aguas entre los regantes de dicho río, publicado en la *Gaceta de Puerto Rico* de 19 de septiembre de 1883.

"2º. Que después de tener dichas 112.42 cuerdas reconocido el derecho de regadío, adquirió el demandado, por título de compraventa, la referida hacienda "Marcelina," incluyendo en ella 'cien cuerdas' de las 112.42 que tenían derecho de riego, pero nó las 12.42 cuerdas restantes, cuyo dominio fué adquirido por el demandante, a quien pertenece en la actualidad.

"3º. Que de los 36 litros 51 centílitros de agua repartidos a las 112.42 cuerdas regables de la hacienda "Marcelina" corresponden proporcionalmente a las 12.42 cuerdas propiedad del demandante, 4 litros 2 centílitros, que utiliza el demandado.

"4º. Que la descripción de las 12.42 cuerdas de la propiedad del demandante, sita en el barrio de "Machuelo Arriba" de este término municipal, es como sigue: 'Al norte el río 'Bayagán' en la proximidad de su confluencia con el 'Bucaná' o 'Cerrillos' que la separa de la hacienda 'Marcelina'; al este el camino del barrio de 'Maragüez'; al oeste el callejón que conduce a la hacienda 'Rescate'; y al sud el demandante Carlos Clausells, antes la hacienda 'Rescate' propiedad de Doña Irma Castaigne; siendo esta porción la misma que en escritura de 14 de agosto de 1848, ante el Notario Luis Capó, Don Francisco Romero compró a Doña Josefa Ortiz y agregó a la hacienda 'Marcelina.' En mérito de lo expuesto, suplico a la honorable corte que declare el derecho del demandante a utilizar 4 litros 2 centílitros por segundo de las aguas del río 'Cerrillos' o 'Bucaná' ascendentes a 36 litros 51 centílitros por segundo, correspondientes a la hacienda 'Marcelina,' según el cuadro de distribución oficial, derivándolas por el canal comunero de las haciendas 'Marcelina,' 'Rescate' y 'Mallorquina,' y que condene al demandado en costas."

De un examen detenido de estas alegaciones es difícil decir exactamente qué es lo que pide el demandante y en qué

hechos definitivos basa sus pretensiones.   Siendo así, debió haberse declarado con lugar la excepción previa a la demanda.

Apareció en el curso del juicio que el demandante confiaba en un reconocimiento de su derecho que se le hizo en el año 1870.   Este hecho no aparece de las alegaciones y nos parece que fué una cuestión de la cual debió informarse al demandado por medio de la demanda.   De todos modos, ésta y otras cuestiones de prescripción y abandono pueden promoverse de modo más adecuado en un nuevo juicio después de presentarse una demanda más específica.

Como estos errores de la corte sentenciadora exigirán que se revoque su sentencia y que se le devuelva la causa para trámites ulteriores, es innecesario discutir las otras cuestiones que pudieran colegirse de los autos.

En vista de la revocación de la sentencia dictada el 29 de abril, se hace innecesario examinar la orden dictada el 27 de julio sobre honorarios de abogado, pues su revocación, es una consecuencia de la sentencia dictada en la cuestión anterior.   Debe dictarse sentencia en consonancia.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados Wolf, del Toro y Aldrey.