PEDRO D'AZIZI, demandante y apelado, *v.* ENRIQUE ALCARAZ, demandado y apelante.

No. 4966.—*Sometido:* Febrero 20, 1930. *Resuelto:* Mayo 7, 1930.

*Angel A. Vázquez,* abogado del apelante; *A. R. de Jesús,* abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En una acción entablada de acuerdo con los artículos 1387 y 1389 del Código Civil, no es necesario que un demandante siga la fraseología del estatuto, alegando que los defectos ocultos hacen la cosa vendida ''impropia para el uso a que se la destina,'' o que ''disminuyen de tal modo este uso que de haberlos conocido el comprador, no la habría adquirido, o habría dado menos precio por ella.''

En la demanda radicada en el presente caso se alega que Alcaraz y su esposa vendieron al demandante, por la suma de $7,500, una finca urbana ubicada en el sitio de la sección norte del barrio de Santurce, ciudad de San Juan, conocido por ''Martín Peña'' y ''Pastorcillo''; que al tiempo de efectuarse la enajenación, los vendedores sabían que la cañería que servía de desague al alcantarillado de dicha casa cruzaba un solar contiguo sin el consentimiento de su dueña, y ocultaron ese hecho al comprador, quien no tuvo conocimiento del mismo hasta después de algún tiempo de haber entrado en posesión de la finca, cuando la Sra. Reggiani, cuyo solar lo atravesaba la citada cañería, exigió la remoción inmediata de la misma; que si el demandante hubiese tenido conocimiento de estos defectos ocultos en la cosa vendida, no la hubiese comprado, o, por lo menos, no hubiese pagado por ella más de $6,900.

Esa demanda difícilmente podría recomendarse como un modelo de alegación. Debe admitirse que la relación que de su causa de acción hace el demandante es algo defectuosa. Tal vez pudo ser mucho más definida y específica. Sin em-

bargo, aduce hechos suficientes para determinar una causa de acción.

De la faz de la demanda se desprende que la finca en cuestión era una casa y un solar radicado en un distrito populoso de la ciudad más grande de la Isla. Se trataba de un defecto oculto, conocido por los vendedores, ignorado por el comprador, y encubierto por aquéllos. Tratándose de una propiedad urbana de la índole descrita en la demanda, la falta de un desague para el alcantarillado con que está equipada, o la existencia de un desague que puede ser clausurado a voluntad de la dueña de un solar contiguo, es un defecto que necesariamente hace la finca más o menos ''impropia para el uso a que se la destina,'' no importa cuál sea ese uso. El requisito alternativo del estatuto, de que los defectos ''disminuyan de tal modo este uso que de haberlos conocido el comprador, no la habría adquirido, o habría dado menos precio por ella,'' queda razonablemente cumplido con la alegación ya citada de que si el demandante hubiese tenido conocimiento de esos defectos ocultos en la cosa vendídale no la habría adquirido, o, por lo menos, no hubiese pagado por ella un precio en exceso de $6,900.

Si la excepción previa del demandado de falta de hechos suficientes para determinar una causa de acción hubiese sido desestimada, esa resolución no habría sido un error que diera lugar a la revocación.

La demanda es una exposición defectuosa de una buena causa de acción, mas no la exposición de una causa de acción defectuosa.

La prueba demuestra concluyentemente: Que el demandante adquirió la finca en octubre de 1926; que antes de efectuar la compra examinó la propiedad; que el tubo de desagüe en cuestión atravesaba tres solares distintos por debajo de la tierra, y conectaba un inodoro de la casa adquirida por el demandante con el alcantarillado del Barrio Obrero; que en enero o febrero de 1927 la Sra. Reggiani, dueña de uno de los tres solares atravesados por el tubo de

desagüe, exigió su remoción y lo clausuró; que la Sra. Reggiani exigía $500 en pago de esa servidumbre, pero que los dueños de los otros dos solares no estaban dispuestos a otra cosa que a conceder permiso temporal por el cual uno de ellos exigía $100; que el demandante gastó unos $350 en instalar nuevo tubos por otros terrenos, bajo un permiso provisional de los dueños de los mismos, permiso que podía ser revocado a discreción de tales dueños; que la casa se usaba para vivienda tanto antes como después de la compra hecha por el demandante, y que éste no hubiese efectuado la compra de haber sabido que el desagüe no tenía salida; que la casa está enclavada en terrenos bajos, donde se halla agua a un pie bajo el nivel del terreno, razón por la cual no podía pensarse en construir un sumidero; que sin conexión al alcantarillado o sin una letrina construída de acuerdo con los requisitos exigidos por el Departamento de Sanidad, la casa no podía ser habitada; y que la diferencia entre el valor actual de la finca con su desagüe provisional y el valor de la misma si estuviese provista de una cañería permanente, es de $1,000.

No era necesario que la declaración de ninguno de los testigos siguiera *verbatim* la fraseología del estatuto, a fin de probar que la falta de un desagüe permanente para el servicio sanitario hacía que la finca fuese impropia para el uso a que se la destinaba, o que disminuía ese uso en forma tal que si el comprador hubiera tenido conocimiento de la misma, no habría adquirido la propiedad o habría pagado un precio más bajo por ella. Si la demanda dejaba de aducir hechos suficientes para determinar una causa de acción al no especificar el uso a que se destinaba la casa, o al no alegar que la finca se había hecho total o parcialmente inservible para tal uso, la omisión quedó suplida por la prueba admitida sin objeción alguna por parte del demandado.

Si la excepción previa hubiese sido declarada con lugar, al demandante se le habría permitido enmendar su demanda.

La regla es que si una enmienda hubiese sido concedida al ser solicitada, y la omisión de un hecho pertinente o de cualquier elemento de una causa de acción ha sido salvada mediante prueba admitida sin objeción alguna por parte del demandado, se considerará en apelación que la demanda ha sido enmendada para ajustarse a la prueba. *El Pueblo* v. *Sucesión Valdés,* 31 D.P.R. 223; *Merino* v. *Globe Rutgers Fire Insurance Co.,* 35 D.P.R. 397; *Carbou Rodríguez* v. *Mir,* 36 D.P.R. 816; *Slaughter* v. *Goldberg, Bowen & Co.,* 26 Cal. App. 318; *Ellinghouse* v. *Ajax Live Stock Company,* L.R.A. 1916-D 836, y nota.

El artículo 199 del Código de Enjuiciamiento Civil dispone que en determinada clase de casos las cuestiones de derecho deben resolverse antes que las de hecho. En tales casos, si se ha interpuesto una excepción previa general y los autos guardan silencio respecto a la actuación que sobre ella adoptara la corte, de haber adoptado alguna, bastará decir que se presumirá que la excepción previa ha sido desestimada. *López* v. *American R. R. Co. of Porto Rico,* 11 D.P.R. 154; *Clausells* v. *Schuck,* 18 D.P.R. 21. En el presente caso, según indicamos en nuestra opinión anterior, los autos no guardan silencio. No revelan, según indica el apelante, que se discutieron ambos aspectos de la excepción previa. Tienden más bien a la conclusión de que la cuestión de prescripción fué la única argumentada y sometida a la corte. En verdad, fué ése el único extremo resuelto por la corte.

La cuestión de prescripción, al ser levantada mediante excepción previa, ordinariamente se presenta como una falta de hechos suficientes para determinar una causa de acción. Si la alegada omisión en que se funda ahora el apelante no fué discutida, la corte de distrito estuvo justificada al interpretar la excepción en el sentido de que sólo suscitaba la cuestión de prescripción. Si tal omisión hubiese sido discutida, el letrado del demandado debió llamar la atención del

juez de distrito hacia ese hecho al anunciarse la resolución de la cuestión de prescripción.

La cuestión que ahora tenemos ante nos no es meramente una de alegaciones. Se dirige a la suficiencia de la demanda según ha sido suplida por la prueba, no a la suficiencia de esa alegación según aparecía al empezar el juicio. Al considerar ese extremo no estamos dispuestos a aplicar la presunción aludida en el caso de *López* v. *American Railroad Co.* y en *Clausells* v. *Schuck, supra.* El hacerlo así equivaldría a sancionar y alentar la práctica de mantener una excepción previa en emboscada mientras se le permite a un demandante que supla los elementos que falten en la exposición de su causa de acción introduciendo prueba sin que el demandado se oponga, y de solicitar entonces en apelación que se revoque una sentencia meritoria por tales defectos originales. No es ésa una práctica recomendable.

La revocación de la sentencia en el presente caso equivaldría a una violación flagrante del artículo 142 del Código de Enjuiciamiento Civil, que dispone que:

"En cualquier estado de un pleito la corte no tomará en cuenta algún error o defecto en las alegaciones o procedimientos que no afecten a lo esencial de los derechos de las partes, y no se revocará o invalidará ningún fallo por razón de dicho error o defecto."

*Debe declararse sin lugar la moción de reconsideración.*