SUCESIÓN FRANCESCHI, demandante y apelante, *v.* JOSÉ PILAR GONZÁLEZ, demandado y apelado.

No. 6559.—*Sometido:* Enero 8, 1934. *Resuelto:* Enero 18, 1934.

*Henry G. Molina,* abogado de la apelante; *E. Ramos Antonini,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En julio 1ro. de 1933 la Corte de Distrito de Ponce dictó resolución condenando a la sucesión demandante a pagar al demandado la suma de $1,505 en concepto de gastos y hono-

rarios de abogado. De esta resolución apeló la sucesión demandante, y ahora solicita el demandado que se desestime la apelación porque la parte apelante, lejos de optar decididamente por la transcripción de evidencia o la exposición del caso, ha seguido ambos procedimientos simultáneamente, manteniendo una duplicidad en pugna con la ley y viciando de nulidad cualquier exposición del caso que se aprobare por la corte de distrito.

En 14 de julio de 1933 la parte demandante resolvió tramitar su apelación mediante una transcripción de la evidencia y en dicha fecha la corte ordenó al taquígrafo que hiciera y preparara una transcripción de las declaraciones ofrecidas y de la prueba practicada. En 15 de julio de 1933 el taquígrafo de la corte, Sr. Manuel Clavell, recibió por carta instrucciones del Sr. Molina para que se sirviera transcribir sus notas taquigráficas a fin de poder preparar una exposición del caso. El Sr. Clavell escribió al abogado de la demandante, Sr. Henry G. Molina, sugiriéndole que aclarara la disparidad entre sus deseos consignados en su carta aludida y la orden del tribunal que dispuso una transcripción completa de la prueba, incluso los documentos que fueron ofrecidos y admitidos. A esta carta el Sr. Molina contestó con fecha 18 del mismo mes diciendo:

"Fué una inadvertencia el haberle despachado a usted la carta que yo había redactado en la misma fecha de julio 15. Era mi intención que se despachara dicha carta solamente si el cliente resolviera proceder mediante exposición del caso, pero habiéndose adoptado el sistema de transcripción de evidencia, por supuesto habrá que ignorar la referida carta."

En la misma fecha de 18 de julio de 1933, se radicó ante la Corte de Distrito de Ponce una moción pidiendo prórroga de treinta días para radicar un proyecto de exposición del caso. Alega la parte apelada en su moción jurada que en agosto 2 de 1933, o sea un día antes de vencer el término de veinte días concedido por la ley al taquígrafo para cumplir con la orden dictada en 14 de julio, radicó la parte apelante

una moción solicitando una prórroga para radicar una transcripción del récord. En esta moción se solicita una prórroga de sesenta días para radicar la referida transcripción de las notas taquigráficas. En 2 de agosto de 1933, el Hon. Domingo Sepúlveda concedió la prórroga de sesenta días solicitada para que el taquígrafo radicara la transcripción de las notas taquigráficas y demás pruebas ofrecidas como evidencia durante la vista que tuvo lugar el 24 de mayo de 1933 sobre el incidente de costas. Posteriormente se han concedido diversas prórrogas de treinta días para la transcripción de evidencia: en 29 de septiembre, primero de noviembre y primero de diciembre de 1933.

El abogado Sr. Molina alega como excusa que en 12 de julio de 1933 preparó dos juegos de papeles para ser presentados a la Corte de Distrito de Ponce por su asociado Lic. M. León Parra, un juego para ser utilizado si se resolvía tramitar la referida apelación mediante exposición del caso y el otro para si se resolvía tramitar dicha apelación mediante una transcripción de evidencia por el taquígrafo, de acuerdo con lo dispuesto en la Ley No. 27, de noviembre 17, 1917, Vol. 2, pág. 275. Expone el Sr. Molina que por error y sin haberlo advertido, un empleado del Sr. León Parra presentó ante la Corte de Distrito de Ponce la moción radicada en 18 de julio de 1933, solicitando una prórroga de treinta días para radicar la exposición del caso. El abogado de la parte demandante, Sr. Molina, según alega, ignoraba en absoluto que se hubiera presentado dicha moción hasta tanto recibió y leyó la moción sobre desestimación de la apelación presentada por la parte apelada. Entiende el Sr. Molina que habiéndose solicitado y ordenado en debido tiempo la transcripción de evidencia por el taquígrafo y habiéndose solicitado oportunamente prórroga para la preparación y radicación de dicha transcripción, no existe motivo alguno para que se desestime la referida apelación de la parte demandada, careciendo de importancia la circunstancia de que el empleado del Lic. León Parra, uno de los abogados de la apelante, haya equivocada-

mente radicado ante la corte en 18 de julio una moción solicitando prórroga para radicar una exposición del caso.

Esta corte ha sostenido que cuando un apelante elige el procedimiento provisto por la Ley 27 de 1917 no puede, transcurrido el tiempo para ello, abandonarlo para acogerse al alternativo de la exposición del caso. *González* v. *Méndez,* 33 D.P.R. 847.

Los autos demuestran que ambas mociones, la que solicitó una prórroga para preparar un proyecto de exposición del caso, y la que se acogió a la Ley No. 27 de 1917, se radicaron dentro del término señalado por la ley. La parte apelada admite que dentro de los diez primeros días de interpuesta una apelación, y aun después de seleccionado el procedimiento de la transcripción de evidencia, la corte puede permitir el cambio hacia la exposición del caso, ya que la parte que apela tiene diez días para tramitar dicha exposición; pero entiende que en este caso la sucesión demandante se decidió en tiempo definitivamente por la exposición del caso, mediante una orden de prórroga que expiró sin que se radicara dicha exposición. No estamos de acuerdo. La selección en todo caso se hizo evidente cuando la demandante voluntariamente dejó expirar el término de la exposición y continuó el de la transcripción de evidencia. Aparte de que el Sr. Molina alega que la moción solicitando prórroga para preparar un proyecto de exposición del caso se radicó por error, opinamos que habiéndose presentado en tiempo ambas mociones, la parte apelante estaba autorizada para adoptar uno de los dos procedimientos.

La correspondencia cruzada entre abogado y taquígrafo no puede tomarse en consideración, porque no forma parte de los autos ni se ha presentado ante la corte. Es en 18 de julio cuando se gestiona una prórroga para preparar un proyecto de exposición del caso y cuando aparecen por primera vez en los autos dos mociones, la que se radicó en la fecha indicada y la que se presentó en 14 de julio acogiéndose al procedimiento de la transcripción de evidencia. La parte apelante solicitó en 2 de agosto de 1933 una prórroga de se-

senta días para radicar la transcripción de las notas taquigráficas y demás pruebas ofrecidas en evidencia durante la vista sobre el incidente de costas, y continuó solicitando prórrogas para el mismo propósito en septiembre, noviembre y diciembre de 1933. Todas las diligencias de la apelante, con excepción de la solicitud de prórroga radicada en 18 de julio, se han dirigido a tramitar la apelación interpuesta siguiendo el procedimiento autorizado por la ley de 1917. Opinamos que habiendo radicado la parte apelante ambas mociones antes de expirar el término señalado por la ley, estuvo autorizada para elegir uno de los dos procedimientos, y que habiendo elegido definitivamente el que prescribe la ley de 1917, *no procede desestimar el recurso de apelación interpuesto.*

El Juez Asociado Señor Aldrey está conforme con el resultado.