Lucien Longchamps, demandante y apelado, *v.* Julia Franceschi Antongiorgi, demandada y apelante.

Núm. 8040.—*Sometido:* Marzo 25, 1940. *Resuelto:* Mayo 7, 1940.

*Luis López de Victoria,* abogado de la apelante; *Lucien Longchamps, pro se.*

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

#### EN MOCION DE RECONSIDERACION

El día 23 de febrero de 1940 esta corte dictó sentencia en el caso de autos revocando la que dictó la Corte de Distrito de Ponce en 12 de junio de 1939 (ante, pág. 194). El demandante apelado ha solicitado la reconsideración de esa sentencia. Para oír a las partes sobre su procedencia, señalamos el día 25 de marzo de 1940. La audiencia se celebró sin la asistencia de las partes contendientes, aunque ambas han radicado sus alegatos respectivos.

Nuestra anterior sentencia se basó en que de la faz de la demanda aparecía que la corte inferior no tenía jurisdicción, por razón de la cuantía, para conocer del asunto, o sea que la cantidad mayor que el demandante tenía derecho a recibir de la demandada de acuerdo con las alegaciones de la demanda era solamente $491.90.

El fundamento principal de la moción de reconsideración estriba en que, a pesar de que en el hecho tercero de la demanda se alega que "entre el 30 de octubre de 1934 y el

7 de noviembre de 1936, conforme lo requería el gasto y costas de los distintos servicios antes enumerados, la demandada entregó al demandante diversas cantidades, de tiempo en tiempo, y diversas partidas por un total de $310.60" en calidad de anticipos, en realidad dichos anticipos ascendieron a sólo $299.10, en cuyo caso, la diferencia de $11.50 entre $310.60 y $299.10 sería suficiente para aumentar la cantidad que el demandante tiene derecho a recibir de la demandada, de $491.90 a $503.40, que es mayor del límite requerido por la ley para darle jurisdicción a las cortes de distrito.

Si bien es cierto que en unos estados demostrativos de anticipos y desembolsos preparados por el demandante éste dice que el importe total de las cantidades anticipadas suma $299.10 y que la diferencia hasta $310.60, o sea $11.50, "representa gastos en que incurrió la demandada en Ponce el día 26 de abril de 1935, en uno de los juicios," esas manifestaciones, más bien que a aclarar, tienden a confundir, primero, por ser contrarias a lo alegado en la demanda, en tanto en cuanto se sostiene que las cantidades recibidas en calidad de anticipos sólo ascendieron a $299.10 y no a $310.60, y segundo, porque de ellas no aparece claramente que dichos $11.50 a pesar de ser un gasto en que incurriera la demandada, no fuera considerado por el demandante como un anticipo. Así parece admitirlo el demandante cuando en su moción de reconsideración dice:

"Por otra parte, obsérvese que a la misma página 54 del legajo de la sentencia, en relación con dicha diferencia de once dólares cincuenta centavos ($11.50) entre la cantidad total que en la demanda el apelado admite ser el montante de los anticipos y la relación de anticipos en efectivo representados por cheques, el apelado hace la siguiente aclaración:

" 'El demandante aclara que la diferencia representa gastos en que incurrió la demandada en Ponce el día 26 de abril de 1935, en uno de los juicios.'

"El demandante apelado admite que hubiera sido más claro, en lugar de decir en esa nota aclaratoria que el desembolso hecho por

la apelante el día 26 de abril de 1935 lo fué 'en uno de los juicios,' debió haber dicho 'en el juicio de tercería, partida "C" de la demanda.' "

Como aparece documentalmente demostrado que en realidad los anticipos ascendieron no a $310.60 como el demandante alega en su demanda, sino a $299.10, resultando entonces que el demandante tendría derecho a recibir de la demandada una cantidad en exceso del límite de $500 fijado por el estatuto para darle jurisdicción a las cortes de distrito, creemos que debe declararse con lugar la moción de reconsideración, y en su consecuencia debe ordenarse que la demanda se considere enmendada para conformarla a la evidencia, al efecto de que las cantidades recibidas por el demandante en calidad de anticipos sumen $299.10; y modificarse la sentencia apelada, reduciendo a $403.40 la cantidad que la demandada deberá pagar al demandante, con costas a cargo de la demandada, *y así modificada confirmarse.*